IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES L. BROWN, SR.,**

                **Petitioner,**

        v.                               CASE NO. 12-3001-SAC

**STATE OF KANSAS,**

                **Respondent.**

**O R D E R**

This matter comes before the court on a pro se pleading titled as a "Motion to File a Complaint and Request a Hearing." Petitioner appears to be a prisoner confined in the Sedgwick County Adult Detention Center who is seeking a federal investigation of his claim of intentional false misrepresentation and error in the affidavit detectives submitted to the state district court for a warrant for petitioner's arrest.

Because it appears petitioner is a pretrial detainee, the court liberally construes the pro se pleading as one seeking habeas corpus relief under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227 (10th Cir.2007)(§ 2241 is proper avenue for challenging pretrial detention). Petitioner has not submitted the $5.00 district court filing fee for his habeas action, nor has he submitted a motion for leave to proceed in forma pauperis without prepayment of the district court filing fee, pursuant to 28 U.S.C. § 1915. The court grants petitioner additional time to comply with one of these statutory requirements for satisfying the district

court filing fee.

The court also grants petitioner additional time to submit his habeas petition on a court approved form, *see* D.Kan.Rule 9.1(a)(habeas petitioner must use court approved form), naming the Sedgwick County Sheriff as the proper respondent, *see* 28 U.S.C. § 2242 (habeas petition is to name current custodian as the respondent).

Petitioner is advised, however, that full exhaustion of state court remedies is generally required prior to seeking such relief in federal court. *See generally Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir.2005)(absent a demonstration of futility, a habeas petitioner seeking relief under § 2241 is required to first exhaust available state remedies). See also *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir.1993)("An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus.")(internal quotations omitted). Because a plain reading of petitioner's pro se material suggests nothing to indicate petitioner has pursued and exhausted state court remedies, the court further directs petitioner to show cause why this matter should not be summarily dismissed without prejudice. The failure to comply in a timely manner with any of these requirements may result in this matter being dismissed without prejudice without further prior notice.

Petitioner's "Motion to Dismiss and Request for Franks Hearing," in which petitioner seeks dismissal of his state criminal complaint and to challenge the validity of the state warrant for his

arrest, is denied without prejudice. Such relief must first be pursued and exhausted in petitioner's criminal proceeding and state court appeals.

Petitioner's "Motion to File Complaint and [Criminal] Charges" against petitioner's defense counsel attorney and the state district court judge in petitioner's criminal proceeding is denied. Petitioner has no federal right to purse the criminal prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *accord Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1567 (10th Cir.1993).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days:

> (1) to submit EITHER an executed form motion for seeking leave to proceed in forma pauperis, OR the $5.00 district court filing fee; AND
>
> (2) to submit a petition on a court approved form, naming a proper respondent; AND
>
> (3) to show cause why this action should not be summarily dismissed without prejudice based upon petitioner's plain failure to first exhaust state court remedies.

IT IS FURTHER ORDERED that petitioner's Motion to Dismiss and Request for Franks Hearing (Doc. 2) is denied without prejudice, and that petitioner's Motion to File Complaint and Charges (Doc. 3) is denied.

The clerk's office is to provide petitioner with court approved

3

forms for filing under 28 U.S.C. § 1915 and 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED:  This 8th day of February 2012 at Topeka, Kansas.

<pre>
                        s/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge
</pre>